■ In the Matter of ZEV DURCHIN, Deceased. ALIZA WELNER, Appellant; LEIB PURETZ et al., Respondents. [628 NYS2d 815] —In a probate proceeding, Aliza Welner appeals from an order of the Surrogate's Court, Kings County (Bloom, S.), dated March 22, 1994, which denied her motion to vacate a decree of the same court, dated February 10, 1994, admitting the decedent's will to probate subject to a compromise agreement with the decedent's daughter.

Ordered that the order is affirmed, with one bill of costs payable by the appellant personally.

On September 24, 1990, the appellant signed a waiver of service of citation and consent to probate form which provided that she "do[es] hereby appear in person and waive the issue and service of citation in the above-entitled matter" dealing with the probate of the will of Zev Durchin, deceased. By executing that waiver, she appeared in the proceeding, and was subject to the personal jurisdiction of the court *(see,* SCPA 401 [4]).

Thereafter, the daughter of the decedent filed objections to probate. The appellant acknowledges that, by letter dated October 18, 1993, she received actual notice of those objections, and of the tentative terms of the compromise agreement. Under the terms of SCPA former 1411, still in effect in 1993, she was not entitled to statutory notice of the objections to probate, because she had appeared in the proceeding *(see,* SCPA 1411 [1] [b] [ii]). Nevertheless, as the Surrogate found, she had both actual and statutory notice, yet took no formal action until after the decree admitting the will to probate, subject to the compromise agreement, was entered. Accordingly, her motion to set aside the decree was properly denied. Sullivan, J. P., O'Brien, Altman and Goldstein, JJ., concur.